```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:19-00283

JOSHUA WAYNE DAVIS

## MEMORANDUM OPINION AND ORDER

In Charleston, on August 14, 2024, came the defendant, in person and by counsel, David Bungard; came the United States by Gabriel Price, Assistant United States Attorney; and came United States Probation Officer Codie Blankenship for a hearing on the petition to revoke defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke his term of supervised release, filed on June 28, 2024, and the amendments to that petition filed on August 12, 2024. The court found that the defendant had received written notice of the alleged violations contained in the petition and the amendments and that the evidence against the defendant had been disclosed. The court advised the defendant that pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

The defendant was charged with four violations of supervised release: (1) violation of the mandatory condition against commission of state crimes (defendant was charge with misdemeanor possession of a controlled substance); (2) violation of the mandatory condition prohibiting possession of controlled substances, (3) violation of the mandatory condition prohibiting use of controlled substances, (4) violation of the standard condition requiring defendant to submit to random urinalysis and not use any method or device to evade drug screening. The amendments to the petition include an additional allegation of possession of a controlled substance based on a subsequent failed drug screen, and an allegation that defendant violated a modified condition of supervision requiring him to reside at a residential-reentry center for 120 days.

The defendant admitted to all violations in the petition and the amendments to it. The court found that all allegations were proven by a preponderance of the evidence based on the government's proffers.

The highest-grade violation of supervised release is a Grade B Violation. The defendant has a criminal history score of III. The court, therefore, found the Guideline imprisonment range for the revocation of supervised release to be 8-14 months. The court found that the Guideline range for supervised

release following that imprisonment is life, less any term of imprisonment imposed.

The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Therefore, the court stated that the relevant statutory period is 18 U.S.C. § 3583, which provides a maximum term of imprisonment of twenty-four months.

Neither party objected to the Guideline range determined by the court. The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period **forty-three (43) days**, with credit for time served. The South Central Regional Jail is to release him from custody by 12:00 p.m. on September 10, 2024. Following his release, a new term of supervised release of thirty-six (36) months, less 43 days, is imposed.

All previously previous conditions of supervised release shall remain in effect, plus the special condition that when released on September 10, 2024, defendant report immediately to

Recovery Point Rehabilitation Center in Huntington, West Virginia, where he is to complete the nine-to-twelve month drug treatment program that he has been accepted into.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant was informed of his right to appeal.  The defendant was further informed that in order to initiate such appeal, a Notice of Appeal must be filed within fourteen (14) days.  The court advised the defendant that if he wishes to appeal and cannot afford to hire counsel, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

Defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States

Marshal for the Southern District of West Virginia, and the probation department of this court.

    It is **SO ORDERED** this 20th day of August, 2024.

                                    ENTER:

                                    David A. Faber
                                    Senior United States District Judge